OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff in this malicious prosecution action bears the burden of establishing that the underlying criminal action terminated favorably to him
 
 (Ward v Silverberg,
 
 85 NY2d 993;
 
 Hollender v Trump Vil. Coop.,
 
 58 NY2d 420;
 
 Martin v City of Albany,
 
 42 NY2d 13, 16). A criminal proceeding terminates favorably to the accused, for purposes of a malicious prosecution claim, when the final disposition of the proceeding involves the merits and indicates the accused’s innocence
 
 (see, Hollender v Trump Vil. Coop.,
 
 supra;
 
 Halberstadt v New York Life Ins. Co.,
 
 194 NY 1).
 

 In this case the information charging plaintiff with attempted grand larceny in the fourth degree, theft of a credit card (Penal Law § 155.30 [4]; § 110.00), was dismissed by the court because it concluded that the facts alleged by the People were not legally sufficient to support the charge (CPL 170.30 [1] [a]; 170.35 [1] [a]). The People were at liberty to amend the information to correct the deficiency but did not do so. Neither did they refile the charge as they could have
 
 (see, People v Nuccio,
 
 78 NY2d 102, 104).
 

 Manifestly, the criminal action was disposed of on procedural grounds. The court did not reach the merits and the question of plaintiff’s guilt or innocence remained unanswered after the court dismissed the information. Accordingly, plaintiff’s complaint in the civil action failed to state a cause of action for malicious prosecution and it was properly dismissed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs, in a memorandum.