■ STEVEN LEMBERG et al., Respondents, v JOHN BLAIR COMMUNICATIONS, INC., Appellants, et al., Defendants. [674 NYS2d 355] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about August 25, 1997, denying defendants' motion to dismiss the fifth cause of action for failure to state a cause of action, unanimously reversed, on the law, without costs, and the motion granted.

In November 1996, defendant John Blair and Company, now known as Blair Television, Inc. (of which defendant John Blair Communications, Inc. is the parent company), summarily terminated plaintiff Steven Lemberg, who had been an employee for 24 years. Defendants contend that Lemberg was discharged because he had stolen at least $13,000 from the company by submitting false expense receipts for which he was reimbursed; Lemberg asserts that he was fired because he is 54 years old and Jewish.

After the breakdown of settlement negotiations, in which Lemberg sought some form of severance pay, Lemberg commenced this action, asserting discrimination, wrongful termination and infliction of emotional distress. Rosalyn Lemberg, Steven's wife, asserted a claim for loss of consortium. Blair then filed a criminal complaint against Lemberg, alleging corporate theft, some time after the settlement negotiations broke down. It is undisputed that plaintiffs did not learn of the charges until after they had served the summons and complaint.

Plaintiffs thereafter filed and served an amended complaint adding as defendants Robert Tofel, counsel for Blair Television, Inc. (Blair), and Steven Berlin, allegedly an officer or director of Blair. Plaintiffs also added a cause of action for defamation, based on Tofel's alleged remark that Lemberg was "a crook and a Jewish thief". In the new fifth cause of action, plaintiffs alleged that Berlin and Tofel had intentionally and maliciously caused Blair to file a criminal complaint against Lemberg in retaliation for his commencing this action and in an attempt to coerce him into withdrawing the civil action. Lemberg was contacted by a New York City Police Department detective, but has not been arrested or otherwise subjected to any criminal proceeding; the complaint is still pending.

Defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action on the ground that plaintiffs had failed to state a cause of action, should have been granted. The fifth cause of action, premised upon defendants' threatening to file and actual filing of a criminal complaint, is best viewed as a claim of malicious prosecution, despite plaintiffs' protest that it alleges a prima facie tort.

Plaintiffs seek to avoid the characterization of their fifth cause of action as one for malicious prosecution, since such a claim is only established when the criminal proceeding instigated by the defendants has been resolved in the plaintiff's favor, on the merits, such as to indicate the plaintiff's innocence (*MacFawn v Kresler*, 88 NY2d 859, 860; *Hollender v Trump Vil. Coop.*, 58 NY2d 420, 425-426).

Nevertheless, a party will not be permitted to plead prima facie tort in the alternative to malicious prosecution, since the former was not designed to " 'become a "catch-all" alternative for every cause of action which cannot stand on its legs' [citation omitted]" (*Curiano v Suozzi*, 63 NY2d 113, 118). The cause of action of prima facie tort was "designed to provide a remedy for intentional and malicious actions that cause harm *and for which no traditional tort provides a remedy*" (*Curiano v Suozzi*,

63 NY2d, *supra,* at 118 [emphasis added]). In these circumstances, the proper procedure is for plaintiffs to await the outcome of the criminal complaint, and then bring a claim for malicious prosecution, provided Lemberg is vindicated (*supra,* at 118). A threat to file a criminal complaint, made prior to the actual filing, does not render the malicious prosecution cause of action inapplicable, as plaintiffs suggest. Concur—Milonas, J. P., Nardelli, Wallach and Saxe, JJ.