■ PAUL A. RESTEY, Appellant, et al., Plaintiff, v TIMOTHY HIGGINS, as Erie County Deputy Sheriff, Respondent, et al., Defendant. [675 NYS2d 725] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff Paul A. Restey and new trial granted on damages only in accordance with the following Memorandum: Paul A. Restey (plaintiff) commenced this action against defendants, Timothy Higgins, an Erie County Deputy Sheriff, and the County of Erie (County) alleging causes of action for assault and battery, negligence, false arrest, malicious prosecution and deprivation of civil rights under 42 USC § 1983. Plaintiff Janet Restey sued for loss of consortium. The action stems from an incident on October 19, 1988 in which Higgins arrested plaintiff for harassment. The first four causes of action against the County were subsequently withdrawn.

The jury found that Higgins was negligent in effecting the arrest of plaintiff in a manner that caused injury to him and that such negligence was a proximate cause of plaintiff's injury. The jury awarded plaintiff $13,000 for future pain and suffering, but made no award for medical expenses or past pain and suffering. The jury made no award to Janet Restey for loss of consortium; she has not appealed. The jury found in favor of Higgins in the battery, false arrest and malicious prosecution causes of action. With respect to the 42 USC § 1983 cause of action, the jury found that Higgins had probable cause to arrest plaintiff and did so without excessive force. By his failure to brief the issues, Higgins has abandoned his cross appeal from that part of the judgment finding him negligent and awarding damages to plaintiff.

We reject the contention of plaintiff that the verdict with respect to the false arrest, malicious prosecution and section 1983 causes of action is against the weight of the evidence (*see*, *Petrovski v Fornes*, 125 AD2d 972, 973, *lv denied* 69 NY2d 608). A fair interpretation of the evidence supports the jury's determination that Higgins had probable cause to arrest plaintiff, which was an issue in each of those causes of action. Where there is conflicting evidence with respect to probable cause, from which reasonable persons might draw different

inferences, the issue of probable cause is for the jury (*see, Parkin v Cornell Univ.*, 78 NY2d 523, 529; *Smith v County of Nassau*, 34 NY2d 18, 24-25).

We conclude, however, that the award of damages for future pain and suffering deviates materially from what would be reasonable compensation (*see*, CPLR 5501 [c]) and that the failure to award damages for medical expenses and past pain and suffering is against the weight of the evidence (*see, Petrovski v Fornes, supra*, at 973). We therefore modify the judgment by vacating the award of damages, and we grant a new trial on damages only.

We reject the contention of plaintiff that the court erred in precluding him from presenting evidence of allegedly abusive conduct by Higgins against other citizens after the October 19, 1988 arrest of plaintiff. Plaintiff sought to introduce the evidence to disprove the good faith and innocent intent of Higgins. A police officer's motives, however, are immaterial with respect to the issue whether an arrest is based on probable cause (*see, Broughton v State of New York*, 37 NY2d 451, 458-459). "A valid arrest will not be rendered unlawful by malicious motives (*Sleight v Ogle*, 4 ED Smith 445) nor will good faith rectify an otherwise unlawful arrest" (*Broughton v State of New York, supra*, at 459).

Nor was such evidence necessary to prove the element of malice in the malicious prosecution cause of action. Whether Higgins initiated the criminal proceeding against plaintiff with actual malice depended on the inferences to be drawn from the surrounding facts and circumstances at the time and whether there was probable cause to initiate the proceeding (*see, Martin v City of Albany*, 42 NY2d 13, 17). In any event, assuming that the failure to admit such evidence was error, we conclude that the error is harmless because the jury found that there was probable cause for the arrest and thus found that Higgins believed that plaintiff was guilty.

Plaintiff also sought to introduce the postincident evidence to establish in his section 1983 cause of action the existence of a County policy of ignoring and thereby permitting the abuse of the civil rights of citizens. Evidence tending to establish a County policy with respect to future nonrelated incidents would not establish the existence of a County policy on the day in question. Therefore, the court did not abuse its discretion in determining that the prejudicial effect of the evidence outweighed its probative value (*see, People v Vargas*, 88 NY2d 856, 858; *People v Scarola*, 71 NY2d 769, 777; *People v Alvino*, 71 NY2d 233, 242). Moreover, any error is harmless because

the jury found that there was probable cause for plaintiff's arrest and that the arrest was made without the use of excessive force. Thus, it was not necessary for the jury to reach the issue of the County's policy. Further, the court did not abuse its discretion in precluding plaintiff from using postincident evidence to impeach Higgins's credibility on cross-examination. Plaintiff conceded that such evidence was collateral, and "[a] trial court is invested with broad discretion to restrict inquiry into collateral matters" (*Coopersmith v Gold*, 89 NY2d 957, 959, *rearg denied* 89 NY2d 1086, *rearg dismissed* 90 NY2d 889).

We have examined plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—Damages.) Present—Lawton, J. P., Hayes, Pigott, Jr., Boehm and Fallon, JJ.