Gerald M. BREEN, Plaintiff–Appellant,

v.

Shawn L. GARRISON, Individually and as a New York State Trooper, Defendant–Appellee.

Docket No. 98–7676

United States Court of Appeals, Second Circuit.

Argued Jan. 11, 1999.

Decided March 02, 1999.

B. Brooks Benson, Lockwood & Golden, Utica, NY, for Plaintiff–Appellant.

Daniel Smirlock, Assistant Attorney General, Albany, N.Y. (Dennis C. Vacco, then Attorney General of the State of New York, Peter H. Schiff, Deputy Solicitor General, Nancy A. Spiegel, Assistant Attorney General, on the brief), for Defendant–Appellee.

Before: WINTER, Chief Judge, VAN GRAAFEILAND and KEARSE, Circuit Judges.

PER CURIAM:

Gerald Breen appeals from a summary judgment of the United States District Court for the Northern District of New York which dismissed his complaint against Shawn Garrison, a New York State Trooper. The complaint alleged, among other things, that Garrison violated Breen's civil and constitutional rights by falsely arresting him, using excessive force in the process, and maliciously

prosecuting him. We affirm in part and vacate in part.

On March 21, 1995, Breen's brother appeared before Town Justice Mary Markam Forand in Turin, New York, in response to a traffic violation citation he had received. Although Breen was not a lawyer, he was present in Justice Forand's small courtroom during the hearing to provide his brother with assistance, which apparently bothered Garrison who had issued the traffic citation and was acting as prosecutor. Garrison eventually asked Justice Forand to have Breen removed from the courtroom. She granted the request and ordered Breen to leave. As Breen got up to do so, he made a comment the substance of which was that his brother should not worry, that they'd take the matter up on appeal and would bury Garrison on appeal.

Although there is some dispute as to the exact language of this admonition, it evoked the following response from Garrison: "Who are you going to bury? That sounds like a threat to me." Garrison informed Breen that he was under arrest and attempted to take him into custody. Because Breen was almost 6½ feet tall and weighed between 320 and 340 pounds, taking him into custody was not an easily accomplished undertaking. According to Breen, Garrison jumped on his back, yanked his head and neck, pushed his face into a table, intentionally tightened his handcuffs and hit him. Because of Breen's size, his arms could not reach far enough behind his back so that his hands could be handcuffed there. Then, when he was handcuffed with his hands in front, the cuffs were made too tight. Breen testified at his deposition that, when he complained about the cuffs, Garrison's response was as follows: "[Y]ou probably think I'm a prick for this, and he exclamated the word prick and actually spit at my face when he did it."

■ Breen was arraigned before Justice Forand, charged with Harassment in the second degree in violation of section 240.26 of New York's Penal Law, and released. The charge subsequently was dismissed for facial insufficiency pursuant to section 170.30 of New York's Criminal Procedure Law. Because this was not a decision on the merits,

an essential element of a cause of action for malicious prosecution, the district court did not err in dismissing Breen's claim of malicious prosecution. *See Singer v. Fulton County Sheriff,* 63 F.3d 110, 117–18 (2d Cir. 1995), *cert. denied,* 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996); *MacFawn v. Kresler,* 88 N.Y.2d 859–60, 644 N.Y.S.2d 486, 666 N.E.2d 1359 (1996).

■ Breen's claim of false arrest may not be disposed of so readily. Probable cause for arrest exists if the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996). In New York, a person is guilty of the crime of Harassment in the second degree when "with intent to harass, annoy or alarm another person ... [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." Penal Law § 240.26(1). Breen's alleged statement that he and his brother would "bury" Garrison on appeal was not such a clear violation of section 240.26(1) as to warrant summary judgment in favor of Garrison on Breen's claim of false arrest. It was for a jury to say how a person of reasonable caution would interpret the word "bury" in the context in which it was used. *See Weyant, supra,* 101 F.3d at 854–55. *See also Losch v. Borough of Parkesburg, Pennsylvania,* 736 F.2d 903, 909 (3d Cir.1984).

■ The issue of excessive force also was for the jury, whose unique task it was to determine the amount of force used, the injuries suffered and the objective reasonableness of the officer's conduct. *See Anderson v. Branen,* 17 F.3d 552, 559–60 (2d Cir.1994); *Miller v. Lovett,* 879 F.2d 1066, 1069–70 (2d Cir.1989). The parties' versions of the material facts differ markedly on these issues. These differences also preclude summary judgment on the defense of qualified immunity. *See Hemphill v. Schott,* 141 F.3d 412, 418 (2d Cir.1998).

In sum, we affirm the district court's summary dismissal on the malicious prosecution claim. We vacate the district court's grant of summary judgment on the claims of false arrest and the use of excessive force and remand to the district court for further proceedings consonant with this opinion.