[692 NYS2d 820]

ANDREA SMITH-HUNTER, Appellant, v JONATHAN HARVEY et al., Respondents.

Third Department, July 8, 1999

APPEARANCES OF COUNSEL

*Walter, Thayer & Mishler, P. C.,* Albany (*Mark S. Mishler* of counsel), for appellant.

*Carter, Conboy, Case, Blackmore, Napierski & Maloney, P. C.,* Albany (*Nancy E. May-Skinner* of counsel), for respondents.

### OPINION OF THE COURT

MERCURE, J.

Following a February 21, 1996 altercation between plaintiff and defendant Jonathan Harvey at the law offices of defendant Harvey and Harvey, Harvey & Mumford, Jonathan Harvey had plaintiff charged in Albany City Court with trespass, a violation (*see*, Penal Law § 140.05). City Court ultimately dismissed the charge on statutory speedy trial grounds (*see*, CPL 30.30). Plaintiff then commenced this malicious prosecution action. Following joinder of issue, defendants moved for summary judgment dismissing the complaint upon the ground that the underlying criminal action did not terminate in plaintiff's favor as a matter of law. Relying upon the decision of the Court of Appeals in *MacFawn v Kresler* (88 NY2d 859) and concluding that the underlying criminal action was dismissed on procedural grounds giving no indication of plaintiff's innocence, Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

The plaintiff in a malicious prosecution action bears the burden of establishing that the underlying criminal action terminated favorably to her (*see*, *id.*, at 860; *Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929), and in the absence of a factual dispute with respect to the circumstances of the dismissal, that issue is a question of law for the court (*Loeb v Teitelbaum*, 77 AD2d 92, *amended* 80 AD2d 838). More than 100 years ago, the Court of Appeals took a liberal approach, stating that with respect to the requirement of favorable termination "[i]t cannot in reason make any difference how the criminal prosecution is terminated, provided it is terminated, and at an end" (*Robbins v Robbins*, 133 NY 597, 599-600), and consequently, any termination other than outright conviction was sufficient to support the action (*see*, *Gallagher v State of New York*, 176 Misc 2d 226, 227). This rule was modified in 1909 when, in *Halberstadt v New York Life Ins. Co.* (194 NY 1, 10-11), the Court of Appeals held that the requirement of a favorable termination can be met either by (1) judicial action in favor of the accused on the merits, or (2) withdrawal or abandonment by the prosecuting party. Thus, a plaintiff cannot succeed if the criminal proceeding "has been terminated without regard to its merits or propriety by agreement or settlement of the parties" (*id.*, at 11).

Cases decided subsequent to *Halberstadt* call into question the viability of the withdrawal or abandonment prong as a

basis for proving favorable termination. In *Hollender v Trump Vil. Coop.* (58 NY2d 420, 425-426), the Court held that the burden as to favorable termination is met only when the final disposition is such as to indicate innocence. Thus, a termination that left open the question of a plaintiff's guilt could not be considered a favorable termination (*see, id.*). In *Ryan v New York Tel. Co.* (62 NY2d 494, 504-505), the Court of Appeals held that dismissal of criminal charges on the motion of the prosecutor in the interest of justice "is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered". Most recently, in *MacFawn v Kresler* (*supra*), the Court of Appeals held that "[a] criminal proceeding terminates favorably to the accused, for purposes of a malicious prosecution claim, when the final disposition of the proceeding involves the merits and indicates the accused's innocence" (*id.*, at 860). We agree with Supreme Court that the dismissal of the criminal charge against plaintiff based upon the prosecutor's failure to announce his genuine readiness within 30 days following the commencement of the action (*see*, CPL 30.30 [1] [d]) satisfied neither of the *MacFawn* criteria. We accordingly affirm.

In her brief, plaintiff contends that a CPL 30.30 dismissal may under appropriate circumstances constitute a "favorable termination" of a criminal action and that Supreme Court was required to conduct a full examination of the facts surrounding the termination in order to determine whether the prosecutor's failure to timely proceed implied a lack of reasonable grounds for the prosecution (*see, e.g., Velasquez v City of New York*, 960 F Supp 776, 782). We disagree. We read the modern-day Court of Appeals decisions (*see, MacFawn v Kresler, supra; Ryan v New York Tel. Co., supra; Hollender v Trump Vil. Coop., supra*) as establishing a per se rule, placing the focus on the nature of the final disposition and not the various (and largely subjective) factors or circumstances that may have brought it about. In our view, adopting plaintiff's approach would not only eliminate the "favorable termination" element from a malicious prosecution action in essentially all cases where the underlying criminal action was terminated prior to verdict, but would actually require that the criminal case be tried in the civil court in order to determine the plaintiff's guilt or innocence of the underlying charge.

Although a number of State and Federal courts have adopted the approach urged by plaintiff (some even going so far as to hold that a dismissal on speedy trial grounds is always a "favor-

able disposition") (*see, Hankins v Great Atl. & Pac. Tea Co.*, 208 AD2d 111 [1st Dept]; *Vitellaro v Eagle Ins. Co.*, 150 AD2d 770 [2d Dept]; *Lenehan v Familo*, 79 AD2d 73 [4th Dept], *appeal dismissed* 54 NY2d 680; *Loeb v Teitelbaum*, 77 AD2d 92, *supra*; *Reit v Meyer*, 160 App Div 752; *Gallagher v State of New York*, 176 Misc 2d 226, *supra*; *see also, Murphy v Lynn*, 118 F3d 938 [2d Cir], *cert denied* 522 US 1115; *Velasquez v City of New York, supra* [SD NY]; *cf., Witcher v Children's Tel. Workshop*, 187 AD2d 292) and the Third Department originally joined them in that view (*see, Brown v Brown*, 87 AD2d 680), since the Court of Appeals handed down its decision in *Ryan v New York Tel. Co.* (*supra*), this Court has consistently applied a per se rule, basing its determination solely on the nature of the disposition (*see, MacLeay v Arden Hill Hosp.*, 164 AD2d 228, *lv denied* 77 NY2d 806; *see also, Reinhart v Jakubowski*, 239 AD2d 765). Dictum in some of those cases, suggesting that we will look behind the disposition to determine whether the dismissal implied that the charge lacked a reasonable foundation (*see, e.g., Reinhart v Jakubowski, supra*; *MacFawn v Kresler*, 214 AD2d 925, *affd* 88 NY2d 859, *supra*; *Cobb v Willis*, 208 AD2d 1155), evidences nothing more than our usual effort to resolve all of the issues raised on an appeal and should not be interpreted as establishing (or even signaling) a different rule.

Even if we were to adopt plaintiff's approach, *and we do not*, it is our further conclusion that she failed to oppose defendants' evidentiary showing with competent evidence raising a genuine question of fact as to whether the prosecutor's apparent inaction for a matter of a few months following his April 10, 1996 appointment was caused by any deficiency in his case against plaintiff.

Plaintiff's additional contentions have been considered and found to be unavailing.

CARDONA, P. J., CREW III, YESAWICH JR. and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, with costs.