Garth MASON, Ethan Mason and Frank DiNoto, Plaintiffs,

v.

TOWN OF NEW PALTZ POLICE DEPARTMENT, John Does 1, 2 and 3, Defendants.

No. 99–CV–622.

United States District Court, N.D. New York.

June 23, 2000.

Law Offices of Michael H. Sussman, Stephen Bergstein of counsel, Goshen, NY, for Plaintiffs.

McCabe & Mack, LLP, David L. Posner of counsel, Poughkeepsie, NY, for Defendant Town of New Paltz Police Dept.

## MEMORANDUM–DECISION AND ORDER

MORDUE, District Judge.

## INTRODUCTION

Plaintiffs sue defendant Town of New Paltz Police Department (Department) and three police officers (designated in the caption as "John Does 1, 2 and 3" and hereinafter referred to as "police officers") employed by the Department as of September 17, 1998, under 42 U.S.C. § 1983 and New York common law.

The Department moves for summary judgment dismissing the complaint. Plaintiffs cross move for leave to serve an amended complaint to add police officers Steven Osarczuk, Robert Knoth and Karl Baker as defendants in the place of John Does 1, 2 and 3.

## BACKGROUND

### Complaint

In their complaint, filed April 22, 1999, plaintiffs claim that on September 16–17, 1998, they were socializing with friends in the Village of New Paltz. In the early morning of September 17, 1998, uniformed police officers arrested plaintiffs for trespass, although, according to plaintiffs, they did not violate any law. Plaintiffs claim that the police officers detained them for

more than three hours without probable cause and treated them in a disrespectful and abusive manner. On October 20, 1998, the criminal charges against all three plaintiffs were dismissed.

Plaintiffs assert that commanding officers of the Department witnessed and condoned the improper conduct of the police officers, thus demonstrating that it is Department policy to engage in arrests and detentions without probable cause. Plaintiffs claim that this policy, which allegedly arises from the Department's view of New Paltz as "a party town populated by numerous college age persons," resulted in injury to plaintiffs, who were subjected to wrongful arrest and imprisonment and incurred the expense and inconvenience of defending themselves against baseless charges. Plaintiffs further claim that defendants acted maliciously and "in a manner which civil society needs to deter."

Plaintiffs set forth causes of action under 42 U.S.C. § 1983, claiming deprivation of their Fourth Amendment rights [1] by the police officers in falsely arresting and detaining them and by the Department in failing properly to train, supervise, and discipline the officers and in having a policy of violation of individuals' rights. Plaintiffs also assert New York common law claims of false arrest, wrongful imprisonment and malicious prosecution against all defendants. Plaintiffs seek compensatory and punitive damages as well as attorneys fees and costs under 42 U.S.C. § 1988.

**Facts on this motion**

The Department's affidavits and statement of undisputed facts under Local Rule 7.1(a)(3) demonstrate the following. On September 17, 1998, plaintiffs were arrested and charged with trespassing in violation of N.Y.Penal Law § 140.05, based on the sworn information of George Gutierrez, the manager of the Griffon Bar in

New Paltz, New York, stating that plaintiffs knowingly entered or remained unlawfully upon the premises of the bar. The arrest reports, two signed by Knoth and one by Osarczuk, state that plaintiffs returned to the Griffon Bar after being told to leave by the management as a result of an altercation involving plaintiff Ethan W. Mason. Each plaintiff was given an appearance ticket returnable in the Justice Court on October 13, 1998, and on the return date each entered a plea of "not guilty."

On October 20, 1998, Ulster County Assistant District Attorney Paul O'Neill moved to dismiss the three criminal cases "in the interests of justice," citing difficulty in communicating with the complaining witness. In an affidavit, O'Neill states that the motion to dismiss was not based on an evaluation of the merits of Gutierrez' complaint or the plaintiffs' individual guilt or innocence. On the same date, Justice Jonathan Katz, Town of New Paltz Justice Court, granted the People's application to dismiss "in the interests of justice." *See* N.Y.Crim.Proc.Law § 170.40

In their response to this motion, plaintiffs cite portions of their own depositions as evidence that they were arrested on grounds other than Gutierrez' complaint and that the trespass charge was a pretext. Their version of events, set forth in their brief on this motion (citations to depositions omitted), is as follows:

> After Garth met his brother and DiNoto on the sidewalk in front of Cabaloosa, New Paltz police officers came on the scene. They intervened as the individual who had assaulted his brother was yelling at Garth. When Garth asked the police officers why they were not taking action against the individual who hit Ethan, the officers became defensive and said he should not tell them how to

---

1. In their complaint, plaintiffs claim they were deprived of their Fourteenth Amendment due process rights. In seeking to amend, plaintiffs state that they had intended to claim infringement of their Fourth—not

Fourteenth—Amendment rights. The Court deems the initial complaint to assert Fourth Amendment violations instead of Fourteenth Amendment violations.

do their job. George Gutierrez, a bouncer at the Griffin, assaulted DiNoto. When the officers confirmed that Garth worked at the Orange County Jail, they began to verbally harangue and threaten him. Opening the back of his patrol car, a canine officer said, "You want to be put in the back with the dog, don't you?" Referencing Mason's job at the Orange County Jail, another officer said, in sum and substance, that New Paltz police "loved getting" Orange County correction officers. In addition, no officer told Ethan why he was arrested. Officer Baker told Ethan he was arrested because "we told you guys to leave. You didn't leave quickly enough." Baker added, "I told you kids to leave this town. You are not from here. You don't belong here." DiNoto heard another officer tell Garth, "You guys come in here and you think you could do whatever you want. You know, this isn't your town."

Plaintiffs further dispute O'Neill's assertion that the cases were dismissed on grounds not reflecting plaintiffs' innocence. Plaintiffs argue that "since the accusatory instrument was utterly defective on its face and the complaining witness did not respond to the assistant district attorney's correspondence to prepare for trial, the question for the jury is whether the circumstances surrounding the dismissal reflected their innocence."

## THE MOTIONS

### Department's motion to dismiss based on failure to serve individual defendants

Fed.R.Civ.P. 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall

extend the time for service for an appropriate period.

Plaintiffs have never served the "John Doe" defendants with process. As discussed below in connection with plaintiffs' motion for leave to amend the complaint to add Osarczuk, Knoth and Baker as defendants, the Court finds that plaintiffs have failed to show good cause for their failure to effect timely service. Plaintiffs knew the names of the three defendant police officers no later than July 21, 1999, within the 120-day period. Thus, the complaint is dismissed without prejudice against the "John Doe" defendants under Fed.R.Civ.P. 4(m).

### Department's motion for summary judgment dismissing section' 1983 claims.

 Federal and New York cases uniformly hold that where, as here, an arrest or imprisonment is extrajudicial, that is, without legal process, the burden is on defendant to prove justification. Justification may be established by showing that the arrest was based on probable cause existing at the time of arrest. *See, e.g., Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir.2000); *Broughton v. State*, 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 95, 335 N.E.2d 310, 315 (1975). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir.1995). In evaluating probable cause, courts consider the facts available to the officer at the time of the arrest. *Martinez*, 202 F.3d at 635; *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir.1997); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996).

 Plaintiffs contend that the police officers were motivated not by Gutierrez' complaint but rather by bad faith. Such does not raise a triable issue. It is well

established under Federal law that the legality of a search or seizure is measured by the objective circumstances, not the subjective motivation of the officer. *See Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Scopo,* 19 F.3d 777, 782–83 (2d Cir.1994). Similarly, New York courts hold that a police officer's motives are immaterial to the question whether an arrest or detention is based on probable cause. *See Broughton,* 37 N.Y.2d at 458–459, 373 N.Y.S.2d at 95, 335 N.E.2d at 315 ("A valid arrest will not be rendered unlawful by malicious motives"); *Restey v. Higgins,* 252 A.D.2d 954, 675 N.Y.S.2d 725, 727 (4th Dep't 1998) (same).

 Plaintiffs further argue that the accusatory instrument is facially invalid, thus creating a question of fact concerning whether the police officers had probable cause to arrest them. A police officer, when making a probable cause determination, is entitled to rely on the allegations of a victim or witness that a crime has been committed. *See Martinez,* 202 F.3d at 634; *Singer,* 63 F.3d at 119. To meet its burden of establishing probable cause for the arrests and detentions, the Department relies on the information, affirmed by Gutierrez under penalty of perjury on September 17, 1998, which states:

I, George Gutierrez, employed at Griffon Bar Main St. New Paltz N.Y. by this information make this accusation as follows[.]

That the above named Defendant(s), on the 17th Day of Sept at about 0148hrs 1998 at Griffon Bar Main St. in the Village of New Paltz, County of Ulster, State of New York did commit the Offense of Trespass ... in Violation of Section 140.05 Sub 0 of the Penal Law of the State of New York. . . .

To Wit: The said Defendant on the 17TH Day of SEPT 1998 did knowingly enter or remain unlawfully in or upon a premises by entering or remaining at 49 Main Street Griffon Bar in the Village of New Paltz, County of Ulster, State of New York. All contrary to the provisions of the statute in such case made and provided[.]

The foregoing allegations are based upon personal knowledge of the complainant (and/or upon information and belief) the sources of complainant's information and belief being:

[This area is left blank.]

WHEREFORE, Complainant prays that said defendant(s) be dealt with pursuant to law[.]

 To be facially sufficient, an information must state evidentiary facts which provide "reasonable cause" to believe that the defendant committed the offenses charged. Non-hearsay allegations of the factual part of the information and/or any supporting depositions must establish every element of the offense charged and defendant's commission thereof. *See* N.Y.Crim.Proc.Law § 100.15(3), 100.40(1)(b), (c). Mere conclusory statements will not suffice. *See People v. Alejandro,* 70 N.Y.2d 133, 517 N.Y.S.2d 927, 511 N.E.2d 71 (1987); *People v. Dumas,* 68 N.Y.2d 729, 506 N.Y.S.2d 319, 497 N.E.2d 686 (1986). An information which fails to satisfy these requirements is jurisdictionally defective. *See Alejandro,* 70 N.Y.2d at 136, 517 N.Y.S.2d at 929, 511 N.E.2d at 72–73.

 Here, the information sets forth the name of the complainant, that he is employed by the Griffon Bar, the bar's location, and the time and date of the violation. Apart from these facts, the information does no more than repeat the language of the definition of trespass found in New York's Penal Law,[2] and state that the offense occurred at the Griffon Bar. The allegation of plaintiffs' unlawful presence on the premises is not supported by factual information, such as whether

___

**2.** N.Y.Penal Law § 140.05 provides: "A person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises."

the bar was open or closed, whether plaintiffs had been asked to leave but refused to do so, whether they had been prohibited from entering but had forced their way in, etc. Moreover, the information does not clearly state complainant's involvement in the circumstances, or whether the allegations are based on the complainant's personal knowledge or on information and belief. The conclusory allegations of the information are insufficient, without more, to constitute probable cause to arrest plaintiffs.

Of course, the police officers may have gained probable cause from other sources. In an affidavit, Osarczuk states that he and Knoth were dispatched to the Griffon Bar at 1:45 a.m. on September 17, 1998; that on arrival they spoke with Todd Kruger, an employee of the bar, and Gutierrez, its manager; that Gutierrez stated that he wanted trespass charges filed against the three men standing with him outside the bar; and that Gutierrez indicated he was willing to sign a criminal information accusing them of trespass.

Plaintiffs have not deposed the three police officers, and in their memorandum of law opposing the summary judgment motion they request an opportunity to do so. The Department made the motion herein prior to May 11, 2000, the deadline for discovery. The Court determines that plaintiffs should be afforded additional time to conduct depositions and otherwise complete discovery if they so desire. Accordingly, so much of the Department's motion as seeks summary judgment dismissing plaintiffs' section 1983 claims is denied without prejudice to another motion for summary judgment at the close of discovery. The deadline for completion of discovery is extended until August 25, 2000.

## Department's motion for summary judgment dismissing malicious prosecution claim

To defeat a defendant's motion for summary judgment, a plaintiff in an action to recover damages for malicious prosecution must establish that the underlying criminal action brought against him or her by the defendant was terminated in his or her favor. *See MacFawn v. Kresler,* 88 N.Y.2d 859, 860, 644 N.Y.S.2d 486, 486–87, 666 N.E.2d 1359, 1359–60 (1996), *citing Ward v. Silverberg,* 85 N.Y.2d 993, 629 N.Y.S.2d 168, 652 N.E.2d 914 (1995). A criminal proceeding terminates favorably to the accused, for purposes of a malicious prosecution claim, when the final disposition of the proceeding involves the merits and indicates the accused's innocence. *Id.*

It is well settled that a dismissal in the interests of justice pursuant to N.Y.Crim.Proc.Law § 170.40 is not a judicial determination of the accused's innocence on the merits. *See id.; Cantalino v. Danner,* 702 N.Y.S.2d 626 (2d Dep't 2000). Moreover, a dismissal on the ground that the accusatory instrument was defective is not a termination in the accused's favor for malicious prosecution purposes. *See MacFawn,* 88 N.Y.2d at 860, 644 N.Y.S.2d at 487, 666 N.E.2d at 1360.[3] The Department is entitled to summary judgment on plaintiffs' claims for malicious prosecution.

---

**3.** In *MacFawn v. Kresler,* 88 N.Y.2d 859, 666 N.E.2d 1359, 644 N.Y.S.2d 486 (1996), the information charging plaintiff with attempted grand larceny in the fourth degree, theft of a credit card, was dismissed by the court because it concluded that the facts alleged by the People were not legally sufficient to support the charge. The Court noted:

> The People were at liberty to amend the information to correct the deficiency but did not do so. Neither did they refile the charge as they could have. Manifestly, the criminal action was disposed of on procedural grounds. The court did not reach the merits and the question of plaintiff's guilt or innocence remained unanswered after the court dismissed the information. Accordingly, plaintiff's complaint in the civil action failed to state a cause of action for malicious prosecution and it was properly dismissed.

> *MacFawn,* 88 N.Y.2d at 860, 666 N.E.2d at 1360, 644 N.Y.S.2d at 487 (citation omitted).

**Department's motion for summary judgment dismissing state law claims for failure to serve notice of claim**

Under N.Y.Gen.Mun.Law § 50–i, a plaintiff claiming injury arising from the negligence or wrongful act of a municipality or any officer, agent or employee thereof, must file a notice of claim within 90 days of the accrual of the claim. A complaint in such an action must allege timely filing of a notice of claim. N.Y.Gen.Mun. Law § 50–i. A motion to serve a late notice of claim must be filed within one year and 90 days of the event at issue, or, in this case, December 17, 1999. N.Y.Gen. Mun.Law § 50–e.

Mariann Cappillino, clerk of the town of New Paltz, submitted an affidavit stating that there is no record of the Town's receipt of a notice of claim from any plaintiff concerning an arrest on September 17, 1998. Plaintiffs do not dispute this affidavit. Accordingly, their state law claims against the Department, all of which are based on the allegedly tortious conduct of the police officers and their superiors, are dismissed for failure to comply with N.Y.Gen.Mun.Law § 50–i.

**Cross motion for leave to amend complaint**

Plaintiffs cross move for leave to serve an amended complaint to add police officers Steven Osarczuk, Robert Knoth and Karl Baker as defendants in the place of John Does 1, 2 and 3. The complaint was filed on April 22, 1999. The Department was served with process on May 4, 1999; no individual defendant has been served with process. The pretrial scheduling order signed by Magistrate Judge David R. Homer on August 11, 1999, directed that any motion to join parties or to amend the pleadings be made on or before September 15, 1999. This cross-motion was made on February 22, 2000, more than five months after this deadline.

 Fed.R.Civ.P. 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." Although the rule requires that leave should be granted freely, it is within the sound discretion of the court whether to grant leave to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Undue delay and futility of the amendment, among other factors, are reasons to deny leave. *See id.; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir.1994) (holding District Court properly denied leave to amend where application was four months late and appeared to be futile). An amendment is futile if it "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore & Freer, Moore's Federal Practice ¶ 15.15[3] (3d ed.1999) (citing *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198–99 (2d Cir.1990)).

The Court finds that amendment to assert state law claims against the individual police officers would be futile because the such claims are barred by New York's one-year statute of limitations for intentional torts. N.Y.C.P.L.R. 215. *See* Fed. R.Civ.P. 15(c). Amendment to add malicious prosecution claims against the police officers would also be futile because, as discussed above, the criminal prosecutions were not terminated in plaintiffs' favor.

Thus, the only proposed amended claims against the police officers which would not clearly be futile are the section 1983 claims based on alleged Fourth Amendment violations. Defendants argue that plaintiffs' delay in asserting these claims precludes amendment. It is undisputed that plaintiffs were in possession of the arrest reports, which bore the names of Osarczuk and Knoth, prior to July 19, 1999. Plaintiffs' interrogatories, dated July 21, 1999, requested Department records concerning Osarczuk, Knoth and Baker. In their brief on this motion, plaintiffs assert that although the names of Osarczuk and Knoth appeared on the arrest reports, they did not know which officer arrested

whom. Plaintiffs state: "This was a matter best left for discovery since plaintiffs intend to depose these officers." These depositions still have not taken place; thus, it appears that at present, plaintiffs have no more information than they did in July 1999. Plaintiffs have failed to demonstrate good cause for their delay in making this motion.

The Court observes also that all three plaintiffs were deposed on January 18, 2000. If made parties, Osarczuk, Knoth and Baker might wish to retain their own counsel. It would be prejudicial to them to preclude them from deposing plaintiffs, and it would be unfair to the Department to direct second depositions of plaintiffs, which depositions the Department would likely feel compelled to attend. Even if the lawyer who now represents the Department also undertakes to represent the police officers, it is reasonable to assume that he would have asked additional questions of plaintiffs as a result of his representation of the police officers. Plaintiffs' failure to show good cause for the delay in seeking to bring these three police officers into the action supports a determination that the consequences of this delay be borne by plaintiffs, not by the Department or the police officers. The motion for leave to amend the complaint to add Osarczuk, Knoth and Baker as defendants in the place of the John Doe defendants is denied.

## CONCLUSION

The Department's motion insofar as it seeks dismissal of the complaint against the John Doe defendants is granted without prejudice. The Department's motion insofar as it seeks summary judgment is granted in part as set forth below and otherwise denied. The plaintiffs' cross motion for leave to serve an amended complaint is denied.

Accordingly, it is hereby

ORDERED that so much of the Department's motion as seeks dismissal of the complaint against the "John Doe" defendants is granted and the complaint against the "John Doe" defendants is dismissed without prejudice; and it is further

ORDERED that so much of the Department's motion as seeks summary judgment dismissing the claims against the Department under 42 U.S.C. § 1983 is denied without prejudice to another motion by the Department for summary judgment after the close of discovery on August 25, 2000; and it is further

ORDERED that the Court deems plaintiffs' 42 U.S.C. § 1983 claims in their initial complaint to assert deprivation of their rights under the Fourth Amendment of the United States Constitution; and it is further

ORDERED that so much of the Department's motion as seeks summary judgment dismissing all other claims against the Department is granted with prejudice; and it is further

ORDERED that the deadline for completion of discovery is extended to August 25, 2000; and it is further

ORDERED that plaintiffs' cross motion for leave to serve an amended complaint to add Osarczuk, Knoth and Baker as defendants is denied; and it is further

ORDERED that all other relief requested in the motion and cross motion is denied.

IT IS SO ORDERED.