■ ROCK OAK ESTATES, Respondent-Appellant, v KATAHDIN CORPORATION et al., Appellants-Respondents. (Appeal No. 1.) [719 NYS2d 919] —Appeal and cross appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts*, 63 AD2d 566, 567; *see also*, CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Hurlbutt, J. P., Scudder, Kehoe and Burns, JJ.

■ ROCK OAK ESTATES, Respondent-Appellant, v KATAHDIN CORPORATION et al., Appellants-Respondents. (Appeal No. 2.)

[721 NYS2d 208] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's motion seeking partial summary judgment and in denying those parts of defendants' cross motion seeking summary judgment dismissing the fifth and sixth causes of action. The court properly granted defendants' cross motion with respect to the second, third, fourth and seventh causes of action and denied the cross motion with respect to the first cause of action.

In 1989 plaintiff and defendant Katahdin Corporation (Katahdin) entered into a purchase and sale agreement whereby Katahdin would purchase a mobile home park from plaintiff. The parties executed two addenda to the agreement that provided, *inter alia*, for the repair of the septic system by plaintiff. Pursuant to those addenda, plaintiff would accept a reduced amount for the purchase of the premises at closing, and Katahdin would establish an escrow account containing 150% of the estimated cost to repair the septic system. The funds in the escrow account would be used for the needed repairs, and any remaining balance would be paid to plaintiff. Katahdin thereafter assigned its rights with respect to the contract and the premises to Rock Oak Estates Associates (defendant).

Defendant borrowed funds from a lender for the purchase of the premises, and the loan was secured by a mortgage. A portion of the funds was paid to plaintiff, and the balance of $795,000 was placed in an account established pursuant to an agreement between the lender and defendant. The agreement provided that the funds in the account would be paid to defendant if the repairs to the septic system were made within one year. Pursuant to that agreement, the funds were applied to reduce defendant's debt because the repairs were not made within one year. At the time of the instant motion and cross motion, the septic system had not yet been repaired.

Plaintiff commenced this action seeking, *inter alia*, to recover a portion of those funds from defendant, and defendants asserted a counterclaim for breach of contract based on plaintiff's failure to repair the septic system. Prior to the motion and cross motion, defendant transferred the premises to a third party.

The court erred in determining that the account established by the lender pursuant to its agreement with defendant was the escrow account contemplated by the agreement between plaintiff and Katahdin. We conclude as a matter of law that

the account established by the lender was not the escrow account contemplated by plaintiff and Katahdin in the addenda to their agreement. "For [funds] to be held in escrow, there must be (a) an agreement regarding the subject matter and delivery of the [funds], (b) a third-party depositary, (c) delivery of the [funds] to a third party conditioned upon the performance of some act or the occurrence of some event, and (d) relinquishment by [defendant]" (*Lennar Northeast Partners v Gifaldi*, 258 AD2d 240, 243, *lv denied* 94 NY2d 754). The agreement between the lender and defendant establishing the account provides that the funds in the account were for the benefit of the lender, to secure its interest in the loan to defendant for the purchase of the premises; no escrow account was established pursuant to the addenda. Thus, we modify the judgment by denying plaintiff's motion and by granting those parts of defendants' cross motion seeking summary judgment dismissing the fifth and sixth causes of action and dismissing those causes of action. (Appeals from Judgment of Supreme Court, Erie County, O'Donnell, J.—Damages.) Present—Hurlbutt, J. P., Scudder, Kehoe and Burns, JJ.