Eugene NEAL, Plaintiff,

v.

Michael G. FITZPATRICK, individually and as an Officer of the Suffolk County Police Department, Ronald M. Treanor, individually and as an Officer of the Suffolk County Police Department, County of Suffolk, and Sean McQuade, individually and as an Officer of the Suffolk County Police Department, Defendants.

No. CV 6209 NG WDW.

United States District Court, E.D. New York.

March 13, 2003.

Michael DelliCarpini, Deer Park, NY, for plaintiff.

Arlene Zwilling, Hauppauge, NY, for defendants.

### ORDER

GERSHON, District Judge.

Plaintiff Eugene Neal filed this civil action against Suffolk County Police Officers Michael G. Fitzpatrick, Ronald M. Treanor, and Sean McQuade, individually and in their official capacity, and against the County of Suffolk, alleging false arrest, improper search, and malicious prosecution in connection with his December 1,

1999 arrest for loitering in the first degree. Defendants now move for partial summary judgment to dismiss plaintiff's malicious prosecution claim on the grounds that plaintiff cannot establish favorable termination of the State's charges against him in relation to that claim. For the following reasons, defendants' motion is granted.

To succeed on a claim of malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must show that: "(1) the defendant commenced or continued a criminal proceeding against the plaintiff; (2) the proceeding terminated in plaintiff's favor; (3) there was no probable cause for the criminal proceeding; and (4) the defendant initiated the criminal proceeding out of actual malice." *Bonide Prods., Inc. v. Cahill,* 223 F.3d 141, 145 (2d Cir.2000); *Dallas v. Goldberg,* 2002 WL 1013291, at *7 (S.D.N.Y.2002). The existence of a favorable termination is determined in accordance with applicable state law. *Hygh v. Jacobs,* 961 F.2d 359, 367 (2d Cir.1992). To prove favorable termination under New York law, a plaintiff need show only that there has been "a final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again." *Smith–Hunter v. Harvey,* 95 N.Y.2d 191, 195–196, 712 N.Y.S.2d 438, 734 N.E.2d 750 (2000).

Under New York law, it is not necessary that the ground upon which dismissal is granted affirmatively establish the innocence of the accused. In fact, the New York Court of Appeals explicitly rejected such an approach in *Smith–Hunter. Id.* at 199, 712 N.Y.S.2d 438, 734 N.E.2d 750. The prevailing standard for establishing a dismissal on favorable grounds under New York law is, therefore, a termination not "inconsistent with the innocence of the accused." *Dallas,* 2002 WL 1013291, at *7; *Cantalino v. Danner,* 96 N.Y.2d 391, 397, 729 N.Y.S.2d 405, 754

N.E.2d 164 (2001); *Smith–Hunter*, 95 N.Y.2d at 199, 712 N.Y.S.2d 438, 734 N.E.2d 750.

■ Federal courts applying New York law have consistently employed a categorical approach to determining whether a specific form of dismissal meets the state law standard for favorable termination. *See Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir.2001) (adjournment in contemplation of dismissal does not constitute a favorable termination); *Posr v. Court Officer Shield # 207* 180 F.3d 409, 418 (2d Cir.1999) (dismissal on speedy trial grounds constitutes a favorable termination); *Murphy v. Lynn*, 118 F.3d 938, 949 (2d Cir.1997) (dismissal for failure to prosecute constitutes a favorable termination). An exception to this categorical approach has been in the context of dismissals in the interest of justice where both federal and state courts applying New York law have increasingly engaged in a case-specific inquiry as to whether the dismissal of charges in each instance was favorable to the accused. *See Dallas*, 2002 WL 1013291, at * 7; *Cantalino*, 96 N.Y.2d at 396, 729 N.Y.S.2d 405, 754 N.E.2d 164.

The charges against plaintiff in this case were dismissed because the charging instrument was "based in material part on hearsay from an unidentified source" and was consequently found to be "insufficient." *See* Order of September 9, 2000 (New York S. Ct., Suffolk Co.) (Sweeney, J.). Prior to *Smith–Hunter* and its progeny, both New York courts and federal courts interpreting New York law had held that a dismissal for facial insufficiency was insufficient to establish a favorable termination. *See, e.g., Breen v. Garrison*, 169 F.3d 152 (2d Cir.1999); *MacFawn v. Kresler*, 88 N.Y.2d 859, 860, 644 N.Y.S.2d 486, 666 N.E.2d 1359 (1996). Plaintiff has not alerted this court to any cases, state or federal, which would compel a departure from this established precedent. In fact, the New York Court of Appeals in *Smith–Hunter* explicitly affirmed *MacFawn*'s holding that a termination for facial insufficiency does not constitute a favorable termination. *Smith–Hunter*, 95 N.Y.2d at 197, 712 N.Y.S.2d 438, 734 N.E.2d 750. *See also DeCicco v. Madison Cty.*, 300 A.D.2d 706, 750 N.Y.S.2d 371, 373 (3d Dept.2002) (following *MacFawn* in finding that a dismissal for facial insufficiency does not constitute a favorable termination). In doing so, the Court of Appeals emphasized the central requirement that a plaintiff bringing a malicious prosecution claim show "as a threshold matter, that the criminal proceeding was finally terminated." *Id.* Since, as discussed below, plaintiff in this case has failed to demonstrate that the dismissal of charges against him meets this finality requirement, his malicious prosecution claim must be dismissed.

It is not disputed that the charges against plaintiff at issue here were dismissed without prejudice. Plaintiff contends, however, that the finality prong has been satisfied in his case because the District Attorney has not subsequently attempted to charge him with any crime in connection with his activities on December 1, 1999 and the statute of limitations for doing so has now expired. There is no legal support for plaintiff's contention. The New York Court of Appeals in *Smith–Hunter* noted that the finality prong for finding favorable termination may be satisfied where circumstances indicate that "the prosecutor abandoned charges against the accused." 95 N.Y.2d at 198, 712 N.Y.S.2d 438, 734 N.E.2d 750. The Court of Appeals, however, specified that a dismissal without prejudice may only qualify as a final termination where "the dismissal represents the formal abandonment of the proceedings by the public prosecutor, for instance, by the entry of a *nolle prosequi*."

*Id.* (citations omitted). No indication of the type of formal abandonment contemplated by the Court of Appeals in *Smith–Hunter* exists in this case. The mere lapsing of the statute of limitations does not establish a formal abandonment of charges and is therefore insufficient to demonstrate a final, favorable termination.

Plaintiff has failed to satisfy the "heavy burden" imposed by state law for establishing the favorable termination element of a malicious prosecution claim. *Smith–Hunter*, 95 N.Y.2d at 195, 712 N.Y.S.2d 438, 734 N.E.2d 750. Defendants' motion for partial summary judgment on that claim is therefore granted and plaintiff's malicious prosecution claim is dismissed.

**SO ORDERED.**