# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

350
CA 11-01573
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

M&T REAL ESTATE TRUST, SUCCESSOR BY MERGER TO
M&T REAL ESTATE, INC., PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES J. DOYLE, II, AND JIM DOYLE FORD, INC.,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (JOHN K. ROTTARIS OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (HOWARD S. ROSENHOCH OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Michael L. D'Amico, A.J.), entered July 20, 2011
in a proceeding pursuant to RPAPL article 13.  The order and judgment,
insofar as appealed from, granted plaintiff a deficiency judgment
against defendants.

It is hereby ORDERED that the order and judgment insofar as
appealed from is unanimously reversed on the law without costs and
that part of the motion for leave to enter a deficiency judgment is
denied.

Memorandum:  Plaintiff commenced this action seeking, inter alia,
to foreclose certain commercial mortgages and obtain a judgment of
foreclosure and sale.  Plaintiff was the successful bidder when the
property in question was sold at public auction, and it thereafter
assigned its successful bid.  According to the report of sale dated
May 11, 2010, the Referee appointed to conduct the sale executed a
deed prepared by counsel for plaintiff naming plaintiff's assignee as
the grantee.  The Referee mailed the deed to plaintiff's counsel, who
also represented the assignee.  After the deed was mailed but before
it was received, plaintiff's counsel telephoned the Referee and
advised him that the assignee was negotiating with a prospective
purchaser and would not accept the deed at that time.  Plaintiff's
counsel subsequently returned the deed with a cover letter dated May
17, 2010, directing the Referee to hold the deed in his file until
further notice.  By letter dated July 26, 2010, plaintiff's counsel
requested that the Referee send him the deed and other closing
documents.  After receiving the deed, plaintiff's counsel further
requested that the Referee "re-execute the . . . deed" so that it

would be "dated concurrently with its delivery."  The Referee's deed indicates that it was executed August 9, 2010.

On September 3, 2010 plaintiff moved, inter alia, to confirm the Referee's report of sale and for leave to enter a deficiency judgment against defendants pursuant to RPAPL 1371 (2).  Supreme Court erred in granting that part of the motion seeking leave to enter a deficiency judgment inasmuch as the motion was not "made within [90] days after the date of the consummation of the [foreclosure] sale by the delivery of the proper deed of conveyance to the purchaser" (RPAPL 1371 [2]).  That 90-day period is a statute of limitations that was timely raised by defendants in opposition to the motion (*see Mortgagee Affiliates Corp. v Jerder Realty Servs.*, 62 AD2d 591, 593, *affd* 47 NY2d 796; *Voss v Multifilm Corp. of Am.*, 112 AD2d 216, 217).

We agree with defendants that the foreclosure sale was consummated and the 90-day period commenced in May 2010 upon the delivery of the Referee's deed.  Such delivery occurred within the meaning of the statute at that time inasmuch as the Referee, acting as grantor on behalf of the court (*see Lennar Northeast Partners Ltd. Partnership v Gifaldi*, 258 AD2d 240, 243, *lv denied* 94 NY2d 754), executed and parted with control of the deed prepared by plaintiff's counsel with the intention to pass title (*see National Bank of Sussex County v Betar*, 207 AD2d 610, 611-612).  "When the Referee[] signed the deed[] presented by [plaintiff's] counsel, [he was] left with no title to convey to any other party," and thus the sale was consummated upon the delivery of that deed in May 2010, notwithstanding the refusal of plaintiff's counsel to accept and retain physical possession of the deed at that time (*Lennar Northeast Partners Ltd. Partnership*, 258 AD2d at 243; *see Cicero v Aspen Hills II, LLC*, 85 AD3d 1411, 1412).  Thus, plaintiff's motion was untimely.

Entered:  March 23, 2012                          Frances E. Cafarell
                                                  Clerk of the Court