15-831-cv
McKinney v. City of Middletown, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand eighteen.

PRESENT: ROBERT A. KATZMANN,
       *Chief Judge*,
    RAYMOND J. LOHIER, JR.,
    CHRISTOPHER F. DRONEY,
       *Circuit Judges*.

------------------------------------------------------------------

WILLIAM MCKINNEY,

    *Plaintiff-Appellant*,

    v.           No. 15-831-cv

CITY OF MIDDLETOWN, THOMAS SEBOLD, POLICE OFFICER, JOSHUA WARD, POLICE OFFICER, MICHAEL D'ARESTA, POLICE OFFICER

    *Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANT:    SAMUEL ADKISSON, Rule 46.1(e) Law Student, Yale Law School Appellate Litigation Clinic (Brandon C. Thompson, Rule 46.1(e) Law Student, Yale Law School Appellate Litigation Clinic; Benjamin M. Daniels, Tadhg Dooley, Wiggin and Dana LLP, *on the brief*), New Haven, CT.

FOR APPELLEE:    THOMAS R. GERARDE (Beatrice S. Jordan, *on the brief*), Howd & Ludorf, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

William McKinney appeals from a judgment of the District Court (Covello, J.) granting summary judgment in favor of the City of Middletown (the "City") and police officers Thomas Sebold, Joshua Ward, and Michael D'Aresta (collectively, the "Officers"). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

1. Claims Against the Officers

Against the Officers, McKinney asserted Fourth Amendment excessive

2

force claims under 42 U.S.C. § 1983 as well as claims for assault and battery under Connecticut State law. On appeal, McKinney argues, inter alia, that the District Court erred when it determined that no reasonable jury could conclude that the force used against him was objectively unreasonable, as is required to prove a Fourth Amendment violation. See Graham v. Connor, 490 U.S. 386, 395–97 (1989); see also Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). We agree with McKinney.

Even where "most of the facts concerning the application of force are undisputed," Brown v. City of New York, 798 F.3d 94, 103 (2d Cir. 2015), "granting summary judgment against a plaintiff on [an excessive force claim] is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable," Rogoz v. City of Hartford, 796 F.3d 236, 246 (2d Cir. 2015) (quoting Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 123 (2d Cir. 2004)). An officer's use of force must be reasonable even when an arrestee or detainee is actively resisting. Sullivan v. Gagnier, 225 F.3d 161, 165–66 (2d Cir. 2000) ("The fact that a person . . . resists, threatens, or assaults the officer no doubt justifies the officer's use of some degree of force, but it does not give the officer license to use force without limit."). Based on the unique

circumstances of this case, we think a reasonable jury could conclude that the combination of baton strikes, the use of a taser, and, especially, the use of a police canine was excessive in the context of a confined detention cell, notwithstanding McKinney's resistance.  We therefore vacate and remand with respect to McKinney's Fourth Amendment claims.  See Brown, 798 F.3d at 103 (leaving "the factual determination of excessiveness to a jury"); Breen v. Garrison, 169 F.3d 152, 153 (2d Cir. 1999) (same).  Because the District Court concluded that McKinney's Connecticut law claims for assault and battery failed as a matter of law for the same reasons as his Fourth Amendment claims, see Posr v. Doherty, 944 F.2d 91, 94–95 (2d Cir. 1991), we also vacate and remand with respect to those claims.

We express no view on whether the Officers will ultimately be entitled to qualified or governmental immunity for the claims against them.  See Phaneuf v. Fraikin, 448 F.3d 591, 600 (2d Cir. 2006).

2. Claims Against the City

Against the City, McKinney asserted a common law negligence claim and a claim under Connecticut General Statutes § 52-557n(a)(1)(A), which imposes vicarious liability on municipal employers for the negligent acts of their

4

employees.   Because McKinney did not object in the District Court to the City's assertion of governmental immunity under Connecticut law, McKinney has forfeited his argument that the City is not entitled to immunity, and we decline to consider it for the first time on appeal.   See Dalberth v. Xerox Corp., 766 F.3d 172, 184 (2d Cir. 2014).   We therefore affirm the dismissal of McKinney's claims against the City.

We have considered the parties' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is remanded for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5