16-12-cv
*Russell v. The Journal News*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand sixteen.

PRESENT:
>JOHN M. WALKER, JR.,
>PETER W. HALL,
>DENNY CHIN,
>>*Circuit Judges.*

---

JAMES RUSSELL,

>*Plaintiff-Appellant*,

>v.                                                                No. 16-12-cv

THE JOURNAL NEWS, JOURNAL NEWS LLC, GANNETT COMPANY INC., JOSEPH MCDONALD, INDIVIDUALLY, ANTHONY SIMMONS, INDIVIDUALLY, P.O. MICHAEL DILAURIA, INDIVIDUALLY, P.O. WILLIAM DUFFELMEYER, INDIVIDUALLY, TOWN OF HARRISON, GANNETT SATELLITE INFORMATION NETWORK, INC.,[*]

>*Defendants-Appellees*.

---

For Defendants-Appellees The Journal News,
Journal News LLC, Gannett Company, Inc.,

---

[*] The Clerk of Court is requested to amend the caption to conform with the above.

Joseph McDonald, Anthony Simmons, and
Gannett Satellite Information Network, Inc.: GLENN EDWARDS (Mark A. Fowler, Charles
Keeley III, *on the brief*), Satterlee Stephens
LLP, New York, NY.

For Defendants-Appellees P.O. Michael
DiLauria, P.O. William Duffelmeyer, and
Town of Harrison: STEVEN J. HARFENIST (Neil Torczyner, *on
the brief*), Harfenist Kraut & Perlstein LLP,
Lake Success, NY.

For Plaintiff-Appellant: MICHAEL H. JOSEPH, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of
New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James Russell filed an action under 42 U.S.C. § 1983 asserting claims
for, *inter alia*, false arrest against Defendants-Appellees Town of Harrison and Harrison Police
Department Officers Michael DiLauria and William Duffelmeyer ("Harrison Defendants") and
for malicious prosecution against Defendants-Appellees The Journal News, Journal News LLC,
Gannett Company Inc., Gannett Satellite Information Network Inc., Joseph McDonald, and
Anthony Simmons ("Journal News Defendants") and the Harrison Defendants. The district court
dismissed Russell's malicious prosecution claims under Federal Rule of Civil Procedure 12(b)(6)
and denied Russell's motion to reconsider. It granted summary judgment in favor of the
Harrison Defendants on Russell's false arrest claim. Russell appeals from these orders. On
January 16, 2014, the district court dismissed Russell's Section 1983 claims against the Journal
News Defendants, on the grounds that they were not state actors or acting under color of state
law. It also dismissed his malicious prosecution claim against the Journal News Defendants,

2

because Russell had not sufficiently alleged a favorable termination, and his other state law claims against them, as time-barred. Because Russell's briefing does not address the holdings with respect to the Section 1983 or other state law claims against the Journal News Defendants, we deem any challenges to those holdings waived. *See, e.g.*, *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997) (claims not "adequately presented in an appellant's brief" are considered "abandoned" on appeal). We therefore consider only his malicious prosecution claims against both sets of defendants and his other claims against the Harrison Defendants. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

## I.    Dismissal of the Malicious Prosecution Claims Against All Defendants

We review *de novo* a grant of a motion to dismiss pursuant to Rule 12(b)(6). *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC,* 750 F.3d 227, 232 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). We review the denial of a motion for reconsideration for abuse of discretion. *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012).

The district court did not err in dismissing Russell's malicious prosecution claims because the charges against Russell did not terminate in his favor, as required by New York law. *See, e.g., Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000) (observing that in New York a malicious prosecution claim requires a plaintiff to demonstrate, *inter alia*, "the termination of the proceeding in favor of the accused"). Rather, the prosecution against Russell was terminated when the state court dismissed the charges without prejudice based on facial insufficiency. Such a dismissal does not constitute a favorable termination. *See Breen v. Garrison*, 169 F.3d 152,

3

153 (2d Cir. 1999) (holding that, in New York, dismissal for facial insufficiency is "not a decision on the merits, an essential element of a cause of action for malicious prosecution"); *see also MacFawn v. Kresler*, 88 N.Y.2d 859, 860 (1996) (holding that a dismissal of the information without prejudice for facial insufficiency may not serve as the basis for a malicious prosecution claim).

Russell argues that although dismissal for facial insufficiency is not usually a favorable termination, the dismissal became a final favorable termination when the prosecution "effectively abandoned" the charges against him by failing to re-file before the expiration of New York's speedy trial clock. The district court accurately observed, however, that Russell raised this argument for the first time in his motion for reconsideration. We "[g]enerally [ ] will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotation marks omitted). Nonetheless, we agree with the district court that Russell's argument fails.

Russell relies on *Smith-Hunter v. Harvey*, in which the New York Court of Appeals held that a dismissal on speedy trial grounds is a final favorable termination because "there can be no further prosecution of the offense." 95 N.Y.2d at 196; *see Rogers v. City of Amsterdam*, 303 F.3d 155, 160 (2d Cir. 2002) (observing that "under New York law, a dismissal pursuant to New York Criminal Procedure Law § 30.30—New York's speedy trial statute—constitutes a favorable termination"). The charges against Russell, however, were dismissed for facial insufficiency, not on speedy trial grounds, and *Smith-Hunter* did not alter the Court of Appeals' prior holding in *MacFawn* that a dismissal without prejudice for facial insufficiency is not a final favorable termination. *See Smith-Hunter*, 95 N.Y.2d at 198 (observing that in *MacFawn*, unlike

4

*Smith-Hunter*, "there was no indication that the prosecutor abandoned charges against the accused"). Although the court in *Smith-Hunter* explained that "[a] dismissal without prejudice qualifies as a final, favorable termination if the dismissal represents the formal abandonment of the proceedings by the public prosecutor," *id*. (internal quotation marks omitted), there is no indication here that the prosecution formally abandoned the charges against Russell before or after the dismissal. *See, e.g., McGee v. Doe*, 568 F. App'x 32, 40 (2d Cir. 2014) (unpublished) (holding that there was no final, favorable termination when "there was no indication that the dismissal of the action against [the plaintiff,] and the failure by the prosecution to re-file the claim, constituted a formal abandonment of the charges"). We thus affirm the dismissal of Russell's malicious prosecution claims.[1]

## II. Grant of Summary Judgment in Favor of the Harrison Defendants

"We review *de novo* an order granting summary judgment and 'resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Doe ex rel. Doe v. Whelan*, 732 F.3d 151, 155 (2d Cir. 2013) (quoting *Burg v. Gosselin,* 591 F.3d 95, 97 (2d Cir. 2010)). "We affirm when 'there is no genuine dispute

---

[1] We recognize that the New York Court of Appeals has never squarely addressed the question of whether a prosecutor's failure to re-file charges becomes sufficiently "final" to constitute a favorable termination once the applicable speedy trial time has elapsed. While the Court of Appeals' decision in *MacFawn* holds that a dismissal of a criminal complaint without prejudice for facial insufficiency does not constitute a favorable termination, it does not address the speedy trial question. 88 N.Y.2d at 860. Our summary order in *McGee* is also silent on this point. 568 F. App'x at 39. In some jurisdictions, the failure to re-file charges within the statutory speedy trial period does constitute a favorable termination. *See Ferguson v. City of Chicago*, 213 Ill. 2d 94, 104 (2004) (holding that the plaintiff's malicious prosecution claim accrued upon "the expiration of the statutory speedy-trial period," where charges were dismissed with leave to reinstate and were never re-filed); *see also Scott v. Bender*, 893 F. Supp. 2d 963, 976 (N.D. Ill. 2012). In the absence of more specific guidance from the New York courts, however, we think that the district court's holding hews most closely to existing law.

as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id*. (quoting Fed. R. Civ. P. 56(a)).

"To establish a claim for false arrest under 42 U.S.C. § 1983, a plaintiff must show that the defendant intentionally confined him without his consent and without justification." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted). "A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Jenkins v. City of N.Y.*, 478 F.3d 76, 84 (2d Cir. 2007). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Id*. (internal quotation marks omitted). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Even without probable cause to arrest, "an arresting officer will still be entitled to qualified immunity from a suit for damages if he can establish that there was 'arguable probable cause' to arrest." *Escalera*, 361 F.3d at 743. "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Id*. (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)); *see also Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir. 2002) (stating that "in situations where an officer may have reasonably but mistakenly concluded that probable cause existed, the officer is nonetheless entitled to qualified immunity.") (citations omitted). The test for qualified immunity is "more favorable to the officers than the one for probable cause." *Escalera*, 361 F.3d at 743.

We agree with the district court that the Harrison Defendants are entitled to qualified immunity because the officers had arguable probable cause to arrest Russell for criminal trespass. Under New York law, a "person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." N.Y. Penal Law § 140.05. "A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person." *Id.* § 140.00(5). Days before arresting Russell, Officer DiLauria was informed by a Journal News employee responsible for site access and security that Russell had recently been observed on Journal News property and Russell was "causing alarm" to Journal News staff. The Journal News employee showed Officer DiLauria a copy of a letter the Journal News had sent to Russell's attorney stating that Russell was not allowed on Journal News property. The employee confirmed that the letter had been delivered that morning. On the day of Russell's arrest, the Harrison Police Department received a call from a Journal News employee reporting that Russell was currently trespassing on Journal News property, that Russell had done so in the past, and that he had been told to stay off Journal News property. When Officer DiLauria arrived at the scene, he observed Russell seated on a bench on what the officer believed to be Journal News property. Based on these objective facts and circumstances, this is not a case in which probable cause to arrest "could easily be found to have been based entirely on baseless or unreasonable conjectures and assumptions." *Mitchell v. City of N.Y.*, No. 14-0767-cv, 2016 WL 6310801, at *11 (2d Cir. Oct. 28, 2016). Officer DiLauria (and Officer Duffelmeyer as the assisting officer) had, at the very least, arguable probable cause to arrest Russell for criminal trespass. *See Escalera*, 361

7

F.3d at 743; *see also Ornelas v. United States*, 517 U.S. 690, 700 (1996) (stating officers "may draw inferences based on [their] own experience[s] in deciding whether probable cause exists").

Russell told the arresting officers that he worked nearby and was permitted to be on the premises, yet once the officers had a reasonable basis for believing that Russell was trespassing, they were "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997); *see also Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989), *as amended* (Nov. 1, 1989) (observing that the factfinder determines whether a defendant's story holds up, not the arresting officer). Under the circumstances presented, the officers had arguable probable cause to arrest Russell "notwithstanding [his] protestations of innocence." *Ricciuti*, 124 F.3d at 128.

We have considered all of Russell's remaining arguments and conclude that they are without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8